UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WAYNE BARTLEY,   CASE NO.:

    Plaintiff,

v.

ECOLAB INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WAYNE BARTLEY, ("Mr. Bartley" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from ECOLAB INC., ("Ecolab" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Duval County, Florida.

3. Defendant is a Foreign Profit Corporation Company that is located and does business in Duval County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Duval County, Florida, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Mr. Bartley worked for Ecolab, most recently as a Shipping Associate in Jacksonville, Florida, from April 1, 2017, until September 10, 2020.

8. In August of 2020, Mr. Bartley experienced COVID-like symptoms, including shortness of breath, bodily pain, and stomach pains, which left him incapacitated.

9. Mr. Bartley therefore applied, and was approved for, a period of continuous FMLA leave in order to treat and address his serious health condition.

10. Mr. Bartley was approved through September 10, 2020, with a return to work date of September 12, 2020, per Ecolab's third-party leave coordinator, Lincoln Financial Group.

11. However, Ecolab still harassed Mr. Bartley relentlessly while he was out on FMLA leave, interfering with his FMLA rights.

12. Despite being approved for FMLA leave, Mr. Bartley directly provided Ecolab a note from his treating physician approving him to return to work on September 12, 2020.

13. However, on September 11, 2020, Ecolab informed Mr. Bartley via voicemail that it had decided to terminate his employment, effective immediately.

14. Ecolab offered no cogent explanation for taking this extreme adverse employment action against Mr. Bartley.

15. It is clear that Ecolab terminated Mr. Bartley's employment in retaliation for him suffering a serious health condition, and in retaliation for his utilization of a period of continuous FMLA leave in order to treat and address the condition.

16. Ecolab's adverse employment actions recounted herein were taken in interference with, and retaliation for, Mr. Bartley disclosing his serious health condition and utilizing or attempting to utilize unpaid FMLA leave to address his condition.

17. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

18. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

19. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

20. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against his by Defendant.

21. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his utilization of what should have been protected FMLA leave.

22. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

23. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

24. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24, above.

26. At all times relevant hereto, Plaintiff was protected by the FMLA.

27. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

28. At all times relevant hereto, Defendant interfered with Plaintiff by harassing Plaintiff while he was on FMLA leave, and therefore refusing to allow Plaintiff to exercise his FMLA rights freely.

29. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24, above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

34. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating for utilizing or attempting to utilize what should have been FMLA-protected leave.

35. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise his rights to take approved leave pursuant to the FMLA.

36. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 1st day of June, 2022.

        Respectfully Submitted,

        **/s/ Noah E. Storch**
        Noah E. Storch, Esq.
        Florida Bar No. 0085476
        RICHARD CELLER LEGAL, P.A.

          10368 W. SR. 84, Suite 103
          Davie, Florida 33324
          Telephone: (866) 344-9243
          Facsimile: (954) 337-2771
          E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*